UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DANA BENTZ, Individually and as Executor of the Estate of ARTHUR MONDELLA, Deceased, DOMINIQUE MONDELLA, Individually,

Plaintiffs,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and JOHN DOE LAW ENFORCEMENT OFFICERS 1-100,

Defendants.
---------------------------------------------------x

MEMORANDUM AND ORDER

16-CV-2612 (ILG) (JO)

GLASSER, Senior United States District Judge:

**INTRODUCTION**

This case stems from the untimely death of Arthur Mondella, the owner of Dell's Maraschino Cherries Company, Inc., who committed suicide during the execution of a search warrant at that company's facility on February 24, 2015. Mr. Mondella's daughters, Dominique Mondella and Dana Bentz, individually and as Executrix of his estate, bring this action against the City of New York, The New York City Police Department, and John Doe Law Enforcement Officers 1-100 pursuant to 42 U.S.C. § 1983 and state law claims for recklessness and negligence.

This action comes before the Court on (1) Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and (2) Plaintiffs' cross motion for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15. For the reasons stated herein, Defendants' motion to dismiss is GRANTED, and Plaintiffs' motion for leave to amend is DENIED.

## FACTUAL BACKGROUND

The following facts are drawn from the Complaint, ECF 1 ("Compl."), unless otherwise noted. Arthur Mondella was the owner of Dell's Maraschino Cherries Company, Inc. ("Dell's"). At all times relevant herein, Dell's offices and processing facility occupied three addresses located at 81 – 97 Ferris Street in Brooklyn. Id. ¶¶ 2, 3; ECF 11 Exh. B. On February 23, 2015, Defendants sought and obtained search warrants for the Dell's facility to investigate alleged improper wastewater discharge from the premises. Compl. ¶ 24; ECF 11 Exhs. B, C, D (the "environmental warrants"). The affidavits in support of the search warrants made no reference to the presence of drugs or drug activity on the premises to be searched. Id. ¶¶ 29, 33, 34-38.

On February 24, 2015, officers of the New York State Department of Environmental Conservation Division of Law Enforcement ("DEC"), the New York City Police Department ("NYPD"), and the Kings County District Attorney arrived to execute the environmental warrants at the Dell's facility. Id. ¶ 2. Pursuant to the warrants' authority, officers had broad permissions to inspect piping, electronic devices, and other equipment used to store, monitor or treat wastewater at the facility. ECF 11 Exhs. B, C, D. During the search, the officers moved, touched, searched, altered and removed fixtures, furniture and shelving. Compl. ¶ 40. Mr. Mondella's person was not searched, nor did the warrants authorize it. Id. ¶ 55; ECF 11 Exhs. B, C, D. Assuming the facts alleged in the Complaint to be true, as Fed. R. Civ. P. 12(b)(6) requires, Mr. Mondella, present in a room not yet searched, became "agitated, stressed, upset and nervous." Id. ¶¶ 2, 4, 52. The search team neither knew nor had reason to inquire whether Mr. Mondella was carrying a gun with which he committed suicide while the search was in progress. Id. ¶¶ 2, 4, 5, 54-57.

Evidence recovered in the course of the search revealed that Mr. Mondella was in the business of dealing in marijuana as well as in maraschino cherries. ECF 11 Exhs. E, F. Criminal charges were subsequently filed against Dell's for Criminal Possession of Marihauna in the First Degree in violation of N.Y. Penal Law § 221.30, and criminal negligence in discharging publicly owned treatment works without complying with toxic effluent standards, in violation of New York State Environmental Conservation Law ("N.Y. E.C.L.") §§ 71-1933(3)(a)(i) and 17-0825. Dell's pled guilty to those charges pursuant to a plea agreement. Id.

**LEGAL STANDARD**

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and accepting the facts pleaded to be true, Plaintiffs must state a claim that is plausible on its face from which the Court can draw the reasonable inference that the claim has merit. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**DISCUSSION**

Pending before the Court is the Defendants' motion to dismiss for failure to state a claim. Plaintiffs' memorandum opposing the Defendants' motion seeks leave to amend the Complaint, without substantively responding to the Defendants' arguments to dismiss it. To the extent that Plaintiffs address the motion to dismiss at all, they cite to no authority whatsoever. ECF 14 at 14-15. For the reasons that follow, the motion to dismiss is GRANTED.

## I. Claims Brought Pursuant to 42 U.S.C. § 1983 [1]

Plaintiffs allege that the Defendants' conduct in executing the warrants and failing to prevent Mr. Mondella's suicide violated his constitutional rights. Section 1983 imposes civil liability upon a party

> who, under color of law of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law.

42 U.S.C. § 1983. Plaintiffs plead under 42 U.S.C. § 1983 that Defendants violated the rights afforded Mr. Mondella by the Fourth, Fifth, and Fourteenth Amendments. Each of these claims is addressed below.

### a. Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." In the present case, although far from clearly delineated, Plaintiffs contend that the environmental warrants were issued absent probable cause, as a "ruse" to search for evidence of a drug operation, and further, that the ensuing search was unreasonable and excessive. Compl. ¶¶ 25, 31-32.

Plaintiffs have pled no facts that undermine the existence of probable cause to issue the warrants. Justice Cyrulnik's granting the warrant applications gives rise to a presumption that there was probable cause to issue them, and her determination is accorded "substantial deference." United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983). Further, Dell's

---

[1] Although the New York City Police Department is named in the Complaint as a Defendant, Plaintiffs concede it is a non-suable agency of the City of New York. ECF 14 at 14; Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). Plaintiffs' claims against that agency are dismissed.

subsequent guilty plea to wastewater violations evidences that the environmental warrants were not a prop in a "ruse." ECF 11 Exh. F.

Plaintiffs further contend that the team executing the warrant "exceeded their authority by moving, touching, searching, altering and/or removing fixtures, furniture, shelving . . . for the explicit yet surreptitious purpose of searching for illegal drugs." Compl. ¶¶ 2, 40. Plaintiffs' description of the search—albeit nonspecific—does not exceed the scope of the warrant, which permitted "that any enclosure located within the premises may be searched, including any closet, locker, safe, cabinet, desk, briefcase, computer, peripheral device, or other container whether locked or unlocked." ECF 11 Exhs. B, C, D. The Plaintiffs' generalized allegations, such as those describing the search to be "guns blazing," "COWBOY," and "CAVALIER," or, "with enough firepower . . . to take out Pablo Escobar, El Chapo and Osama Bin Laden – ALL AT ONCE," are misplaced imitations of Zane Grey. Id. ¶ 2. In fine, the decedent was never in custody, was not seized, and the search pursuant to a duly issued warrant was not unlawful. For the foregoing reasons, Defendants' motion to dismiss those claims brought pursuant to the Fourth Amendment is GRANTED.

**b. Fifth Amendment**

Plaintiffs allege that the Defendants' conduct violated Mr. Mondella's Fifth Amendment rights, but submit no fact or statement that could identify in what respect those rights were allegedly infringed. Defendants' motion to dismiss those claims is GRANTED.

**c. Fourteenth Amendment**

Plaintiffs further claim that the Defendants violated Mr. Mondella's Fourteenth Amendment rights by failing to protect him from his own suicide. Specifically, Plaintiffs condemn the Defendants' failure to recognize Mr. Mondella was a suicide risk or discover he

was in possession of a firearm. As Plaintiffs contend, Mr. Mondella's "taking his own life . . . was foreseeable" as the Defendants "should have known that any individual who is the subject of a search and/or seizure is likely to react in a violent or aggressive manner." Compl. ¶¶ 51, 46.

In general, the Fourteenth Amendment's due process clause provides no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive an individual. See DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 198 (1989). However, certain obligations arise where the state takes a person into custody. Id. at 199-200. In that circumstance, "the Constitution imposes . . . a corresponding duty to assume some responsibility" for that individual's well-being. Id. at 200. Mr. Mondella was not in custody nor had he been searched when he took his own life. The Defendants owed no duty to Mr. Mondella and breached none. Defendants' motion to dismiss the claims brought pursuant to the Fourteenth Amendment is GRANTED.

#### d. Claims Alleging Municipal Liability under Monell

Plaintiffs have not pleaded a claim for municipal liability as required by Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). The Defendants' motion to dismiss the claims against the City of New York is GRANTED.

## II. State Law Claims

Having dismissed Plaintiffs' federal claims, the remaining claims are state law claims for recklessness and negligence. The Court declines to exercise jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3). This case is in the early stages of litigation; no discovery has been exchanged, and the parties are far from trial or summary judgment. Indeed, "even where considerable resources have been expended and the potential for inconvenience is substantial, a

district court may forgo exercising supplemental jurisdiction over pendent state law claims if the federal ones are discovered to be patently meritless," and they are. Struggs v. City of New York, 146 F.Supp.3d 461 (2015) (citing Dunton v. Suffolk Cnty., 729 F.2d 903, 911).

**III. Plaintiff's Motion to Amend**

Plaintiffs' memorandum in opposition to the Defendants' motion is more accurately described as a motion to amend the Complaint. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002) (citation omitted). Plaintiffs explain that the "proposed Amended Complaint contains no substantial substantive changes to the allegations set forth in the initial Complaint" and "reflects operative facts essentially identical to those set forth in the initial Complaint." ECF 14 at 10. It is curious therefore to know what is being amended. It is clear to this Court that Plaintiffs are unable to plead any set of facts that would allow this litigation to continue in federal court. The motion for leave to amend is DENIED.

**CONCLUSION**

This claim is so facially preposterous that having responded to it with the most elemental discussion of legal principles is not to be an implicit acknowledgement that the Complaint has even a suggestion of merit that the law would recognize. No fact is alleged or omitted to be alleged in the Complaint which would cast any doubt upon the validity of the warrants except for the gratuitous claim that obtaining them was simply a ruse; that a Justice of the Supreme Court who found probable cause for their issuance was duped. No fact is alleged to support the gratuitous claim that the execution of the warrants exceeded their authority. Mr. Mondella was not in custody. There is no allegation that the defendants knew that Mr. Mondella was licensed to

carry guns or was carrying a gun at the time, and even if they did, that they were or should have been clairvoyant enough to foresee that their lawful presence at his business would cause a risk of his suicide. If for some reason lurking in the ether there was that risk to be perceived, what was the duty to be obeyed and breached? If, indeed, the path of the law has not been logic, but experience, what syllogism or life experience would warrant the conclusion that Mr. Mondella's suicide was attributable to his violation of the New York State Environmental Conservation Law which the defendants were duty bound to enforce? What realistic or even philosophical view of proximate cause can conceivably support these claims? To ask the questions is to answer them. No common law or constitutional law was validly alleged to have been violated in a complaint of 71 paragraphs which challenges comprehension.

For the reasons stated herein, the Defendants' motion to dismiss the claims arising under § 1983 is GRANTED, and the Plaintiffs' motion to amend is DENIED. Further, the Court declines to retain jurisdiction over the remaining claims arising under state law, and dismisses such claims without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2017

__/s/____________________________
I. Leo Glasser
Senior United States District Judge